H. Henry YOUNG, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5954.

United States Court of Appeals
First Circuit.

April 27, 1962.

Israel Bernstein, Boston, Mass., for appellant.

James W. Noonan, Special Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

During the course of trial on October 3, 1961, the appellant changed pleas of not guilty to pleas of guilty as to the first two and last counts of a 22 count indictment returned against him and others almost a year before charging various substantive offenses in connection with proceedings in bankruptcy in violation of Title 18 U.S.C. § 152, and in its final count with conspiracy in connection therewith in violation of Title 18 U.S.C. § 371. At the time the appellant was represented by competent counsel but nevertheless the court asked the defendant-appellant personally if he entered his pleas voluntarily and he answered: "Yes, sir." On December 14, 1961, when the appellant appeared for sentence the court without objection granted the government's motion to dismiss counts 3 through 21 of the indictment, and thereupon counsel for the appellant moved orally for leave for the defendant to withdraw his previous pleas of guilty as to counts 1, 2 and 22 and to go to trial on those counts on reinstated pleas of not guilty. The court immediately denied the motion and proceeded to sentence, but stayed execution to December 19. On December 18 defendant's counsel filed a written motion under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C. to vacate the judgment of sentence and for leave to withdraw the defendant's pleas of guilty and accompanied his motion with an affidavit. The court after full hearing on the motion denied it and thereupon the defendant took the present appeal to this court.

The appellant has been represented throughout by diligent and skillful counsel well versed in the practice of criminal law in the federal courts, and an examination of the record discloses that he is an intelligent, educated, experienced business man who changed his pleas to guilty after full consultation with his counsel. There is nothing whatever to show that the defendant's change of plea was not made voluntarily and with full knowledge of its consequences or that it was made in reliance upon representations of the United States Attorney that he would recommend a light sentence. On the contrary, the evidence is that the United States Attorney refused to disclose what his recommendation for sentence would be in the event the defendant chose to plead guilty. Under these circumstances there was no abuse of discretion in denying the motion to vacate sentence.

Judgment will be entered affirming the judgment and orders of the District Court.